Isapela Fika VONIWAI, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Nos. 02–70760,* 02–73181.
Agency No. A72–671–010.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 9, 2004.**

Decided Aug. 16, 2004.

Daniela R. Razawi, Attorney at Law, Rocklin, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Luis E. Perez, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM ***

Isapela Fika Voniwai, a native and citizen of Fiji, has filed two petitions for review which have been consolidated by

---

* The Clerk is directed to change the caption to reflect that John Ashcroft is the proper respondent.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

this court. In No. 02–70760, Voniwai petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of her application for suspension of deportation in which she seeks remand for a full hearing on her involuntarily withdrawn asylum claim. In No. 02–73181, Voniwai petitions for review of the BIA's denial of her motion to reopen and motion for remand. We have jurisdiction pursuant to 8 U.S.C. § 1105a. We review de novo claims of due process violations in deportation proceedings. *See Castillo–Perez v. INS,* 212 F.3d 518, 523 (9th Cir.2000). We review denial of motions to reopen for abuse of discretion. *See Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We dismiss in part, and grant in part, the petition for review in No. 02–70760. We grant the petition for review in No. 02–73181.

 In No. 02–70760, her petition challenging the denial of suspension, Voniwai contends that the immigration judge denied her a full and fair hearing and that she received ineffective assistance of counsel. We lack jurisdiction to review these issues because she did not raise them before the BIA. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 779–80 (9th Cir.2001); *Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000).

 Also in No. 02–70760, Voniwai contends that her due process rights were violated when she failed to receive a briefing schedule and transcript of the deportation hearings. Because lack of access to these vital documents resulted in her inability to raise ineffective assistance of counsel before the BIA, we hold that her due process rights were violated. *See Singh v. Ashcroft,* 362 F.3d 1164, 1169 (9th Cir.2004) (due process requires that " 'the notice afforded aliens about deportation proceedings must be reasonably calculated to reach them.' ") (internal citations omitted).

 In No. 02–73181, her petition challenging the denial of her motion to reopen, Voniwai contends that the BIA abused its discretion when it refused to consider her ineffective assistance of counsel claim on the grounds that she failed to provide new or previously unavailable evidence. Because lack of access to the briefing schedule and record of proceedings prevented Voniwai from arguing ineffective assistance of counsel before the BIA on her appeal from the IJ's denial of suspension, the evidence of ineffective assistance she submitted with her motion to reopen was previously unavailable and the BIA abused its discretion in denying the motion to reopen on this ground. *See Ontiveros–Lopez* at 1124–25. We therefore remand to the BIA for consideration of this claim on its merits. *See id.* If the BIA denies the motion on the merits, petitioner will be free to petition this court for review of that decision. *See id.*

**PETITION FOR REVIEW in No. 02–70760 DISMISSED, in part; GRANTED, in part.**

**PETITION FOR REVIEW in No. 02–73181 GRANTED; REMANDED.**